[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The following are the apparent facts pertinent to this motion for summary judgment.
Between October, 1980, and December, 1988, the plaintiff expended about $157,000 for the care of her mother, Helen A. Benny, who resided from March, 1982, until she died in August, 1989, in the St. Patrick's Manor nursing home in Framingham, Massachusetts. In June, 1988, the plaintiff was appointed temporary guardian of her mother by the Middlesex County Probate and Family Court in Massachusetts. Prior to this appointment, the plaintiff had expended about $136,000 for her mother's care and benefit. In September, 1988, the Massachusetts court named the plaintiff permanent guardian of her mother.
In February, 1989, the Newington Probate Court appointed CT Page 1996 Paul Hudon conservator of the estate of Helen A. Benny. The estate contained two parcels of real property, one in Old Lyme, and the other in Wethersfield, both of which were devised to another of Helen A. Benny's daughters, Rosalie Benny Zanoni. In March, 1989, the plaintiff brought suit in Superior Court against Hudon, seeking reimbursement for the funds that were expended for Helen A. Benny's care and benefit.
Helen A. Benny died on August 7, 1989. On September 25, 1989, Rosalie Benny Zanoni was appointed executrix of her late mother's estate by the Newington Probate Court. On January 9, 1990, the Executrix was substituted as defendant in this action in lieu of Paul Hudon. On January 31, 1990, the plaintiff filed a claim against the Benny estate. On March 28, 1990, Zanoni as executrix denied the claim.
On March 27, 1991, Rosalie Zanoni was removed as executrix by the Newington Probate Court. On June 4, 1991, the new administrator d.b.n., c.t.a., Richard Pikor, filed his appearance as the substituted defendant for the removed executrix and remained as the real party in interest in this case until his successor administrator, Karen Renzulli Lynch, was appointed by the Probate Court on December 1, 1992.
The present defendant-administrator now moves for summary judgment for two reasons.
First, said defendant claims that the plaintiff cannot prevail because she failed to adhere to the claims procedure for probate estates as specified in Connecticut General Statutes Section 45a-353 et seq. The court finds that it was not necessary to perfect this claim under such procedures since there was already the present suit pending in Superior Court before Helen A. Benny died. General Statutes 52-599(b) provides: "A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent." Inasmuch as suit was brought against Hudon prior to the death of Benny and inasmuch as it is still pending, it does not seem necessary to require that the plaintiff start all over again with a new suit.
Second, defendant claims that summary judgment should enter because Cross, as guardian, cannot sue Benny, her ward. Cross did not sue Benny in her capacity as guardian, but rather as an CT Page 1997 individual. Further, she did not sue Benny in personam, but rather sued Hudon who had custody and control of assets outside of Massachusetts which could be used to satisfy expenses of Helen Benny in Massachusetts. Hudon was the Connecticut conservator, and was sued in a representative capacity as an agent of the Probate Court. Marcus' Appeal, 199 Conn. 524, 529.
The motion for summary judgment is denied.
Allen, J.